MATTER OF K—B—N—

In SECTION 245 Proceedings

A–10825969

*Decided by Regional Commissioner September 14, 1960*
*Approved by Assistant Commissioner October 3, 1960*

**Adjustment of status—Section 245, as amended—Knowing false claim to citizenship precludes eligibility as alien who has been inspected and admitted—Discretionary denial based on lack of good faith.**

(1) An alien who obtained entry into the United States by knowingly and falsely claiming United States citizenship is deemed to have entered the United States without inspection. Hence, he cannot be regarded as having been "inspected and admitted" within the contemplation of amended section 245 of the Immigration and Nationality Act. (See, *Matter of T—*, 9—478, and *Matter of S—*, 9—599.)

(2) By virtue of the prior regulations governing the admission of a holder of a certificate of identity under section 503 of the Nationality Act of 1940, such a person will be found to have been "inspected and admitted" into the United States. Nevertheless, adjustment of status under section 245 of the Act will be denied as a matter of discretion in such a case when it is shown that the applicant obtained his certificate of identity by false testimony and acted with a lack of good faith in subsequent judicial proceedings.

**BEFORE THE REGIONAL COMMISSIONER**
(September 14, 1960)

**DISCUSSION:** This case comes forward on applicant's motion to reconsider denial of application for adjustment of status under section 245, as amended. The application was denied by this office on February 19, 1960, on the ground that the alien was not a *bona fide* nonimmigrant at the time he entered the United States. Under the law and regulations in effect on that date the applicant was clearly ineligible for the benefit sought. The applicant has based his motion to reopen on the premise that he is now eligible on the existing record because the Act of July 14, 1960, amending section 245, removed the requirement that an applicant establish that he was admitted as a *bona fide* nonimmigrant. No new evidence is offered.

Normally, a motion to reopen under these circumstances would not be granted because an alien whose application was properly denied under the prior law may, if he believes he is eligible under the

50

amended law and regulations, file a new application. However, because of the unusual factors in this case, the motion will be granted and the application will be reconsidered by this office under the amended provisions of the law.

Applicant is a 20-year-old married male, native and citizen of China, who gained entry into the United States on July 13, 1952, at San Francisco, California, as a temporary visitor. His purpose in coming to the United States was to appear in the United States District Court in connection with his pending action to determine his citizenship under section 503 of the Nationality Act of 1940. Subsequent to applicant's entry, his case was dismissed by the Court pursuant to a stipulation entered into by his attorney and the U.S. Attorney. Applicant has admitted that the certificate of identity with which he gained entry into the United States was procured by him through false and misleading statements to the American Consul in Hong Kong, China.

The applicant's fraudulent statements before the American Consul in connection with the issuance of his document for entry into the United States were the basis for the finding that he was not a *bona fide* nonimmigrant when he entered this country and resulted in the denial of his application for adjustment.

The instant motion seeks reconsideration of the application based on a recent amendment to section 245 (providing for adjustment of status to an alien who was "inspected and admitted or paroled" into the United States). Counsel submits that the amendment removes the former requirement that an applicant must establish his admission was as a "*bona fide* nonimmigrant" and that his client now qualifies for the adjustment sought since he was inspected and admitted to the United States.

While the alien who in good faith applied for and gained entry into the United States as a United States citizen can be considered to have been inspected and admitted to the United States for the purposes of section 245, as amended, it is well established that the alien who knowingly made a false claim to United States citizenship for the purpose of evading inspection under the immigration laws gained entry without inspection (*Matter of C—V—*, 1—385; *Matter of P—*, 5—220; *Matter of E—*, 6—220; *Matter of E—*, 6—275). It must be determined, therefore, whether the applicant was inspected and admitted to the United States.

The applicant made a claim to United States citizenship at the American Consulate General at Hong Kong and on December 13, 1951, a determination was made by that office that he was an alien. He then instituted an action in the United States District Court, Northern District of California, for a judgment declaring that he

was a citizen of the United States. He applied for and succeeded in obtaining a certificate of identity under the provisions of section 503 of the Nationality Act of 1940 at the American Consulate General in Hong Kong for the purpose of entering the United States to prosecute his case before the Court. On the basis of that certificate of identity he was admitted to the United States at San Francisco, California, on July 14, 1952, under the provisions of the then existing Part 112.2 of Title 8, Code of Federal Regulations. The pertinent portion of that regulation stated: "The holder of such a certificate of identity *shall be regarded as an alien* until otherwise finally held by the court in the action for a judgment declaring him to be a national of the United States. *He may be admitted to the United States as a temporary visitor for business * * *.*" (Emphasis supplied.) On the basis of the foregoing, it is concluded that the applicant was inspected and admitted to the United States.

Counsel is correct in his statement that entry as a *bona fide* nonimmigrant is not now a requirement for adjustment of status under the amended section 245. Congress left that former requirement out of the present statute to obtain more flexibility in the administration of this section of law. However, the wording "inspected and admitted" used by Congress in the present statute does not mean that any alien who was inspected and admitted, whether the admission was lawful or otherwise, would be accorded the benefits of this section of law. The Committee report accompanying H. J. 397, which later became the law, states: ". . . only those aliens who enter the United States in good faith and without any intention of circumventing quota restrictions of the Immigration and Nationality Act, or any other law relating to immigration shall be entitled to the benefits of section 245(a), as amended." (Senate Report No. 1651, 86th Cong., 2nd Sess., p. 27.) It is clear that Congress did not intend that aliens who deliberately enter the United States unlawfully should receive the benefits of this statute. It is equally clear that Congress had no intention of limiting the discretionary authority of the Attorney General in his administration of this amended statute.

*The applicant falsely claimed United States citizenship in proceedings before an American Consular Officer at Hong Kong in 1951. When that attempt failed he instituted action in the United States District Court for the Northern District of California under a false name for a judgment declaring him to be a citizen of the United States. By falsely testifying under oath that the court action was instituted in good faith, the applicant was able to obtain the certificate of identity in the false name and with that fraudulent certificate he gained entry into the United States. The court action was dismissed on June 17, 1959, and the applicant has now admitted

that he testified falsely when he obtained the certificate of identity under a false name. In view of the clear showing of a lack of good faith on the part of the applicant in the entire proceeding outlined above, it is concluded that this application for the benefits of section 245 does not warrant favorable exercise of the Attorney General's discretion. The application will be denied.

**ORDER:** It is ordered that the application be denied.